### TRUSTEES OF ELIZABETHTOWN v. HARDIN COUNTY.

**Turnpike Company—Bridge Repair—County and Town Bridges.**

A turnpike road running through a town is nevertheless the property of the company, subject to the municipal regulations of the town, and where a bridge belonging to such company forms a part of such highway, in such town, the company, and not the town, is bound to keep it in repair.

**Abandonment of Turnpike Company Bridges.**

Where a turnpike company has abandoned its franchise and its road, a part of which consists of a bridge, and the same has become a county highway, even though the bridge is within a town, it becomes the duty of the county to repair, maintain and erect such bridge as a part of such highway, and it is not required that the town should do so.

### APPEAL FROM HARDIN CIRCUIT COURT.

February 9, 1877.

OPINION BY JUDGE PRYOR:

Shall the town or the county build the bridge?

In this controversy between the county court and the trustees of Elizabethtown it became necessary that some third party should intercede and adjust the difference between them. Having failed in their effort to arbitrate the matter, both parties applied to the circuit court to pass upon the questions involved; and the right of the county court to take such steps as may be necessary to determine finally its duty in regard to the construction or repairing of the bridge cannot be questioned. It cannot act as its own arbiter in determining the duties devolving on the trustees, and the rebuilding of the structure being a matter of public concern, in which the citizens of both the town and county are interested, it was evidently proper to have the duties of both appellant and appellee defined. In passing on the question raised it is very necessary to present such facts with reference to this bridge as are conceded by both parties, as the facts controverted by the answer, if established, would not affect the legal status of either party.

It is conceded that the road on which this bridge is erected was originally constructed by a turnpike company, in which the state of Kentucky had an interest of three-fourths of the stock. The corporation was known as the Elizabethtown and Red Tavern Turnpike Company. This road was used or controlled by the company for many years, and becoming unprofitable, or for some other cause,

the same was abandoned by the company, and the interest the state had in the road surrendered by legislative enactment to the county of Hardin; and the county court, at the time of the present proceedings, recognized it as one of the highways of the county, and had overseers upon it, as on the other public roads, except so much of the road as is within the corporate limits of the town. This bridge, when in a decayed condition some years since, was rebuilt by the county court, but with the avowal on the part of that body that it was incumbent on the town to make the expenditure, for the reason that it constituted a part of one of the principal streets.

It is certain that the town never acquired any interest in the turnpike road either from the state or from the original company. The only power the trustees of the town could exercise over it was the right to demand that the road should remain unobstructed and kept in repair, so that the citizen might pass over it as over any other street, and to use it for the purposes of the town, when not interfering with the franchise. The municipality had no right to charge toll upon it, or to deprive the turnpike corporation or its successor, Hardin county, from controlling it. A turnpike road running through a town, although regarded as one of the principal streets, is nevertheless the property of the company, subject to the municipal regulations of the town through which it passes; and so with this road, it may be considered as one of the streets, and being within the town limits and thus the subject of municipal control, when not interfering with the rights of the corporation, still it belongs to the company and the company must keep it in repair.

If the original company were still in existence, with this bridge within the town limits, it will scarcely be contended that because it is within the town boundry the town must repair it; and if not, why will the town be required to repair it when the right of the company and the exercise of the franchise belongs to the county? Independent, however, of this view of the question, and regarding the turnpike company as having abandoned the franchise, and the county court as controlling the road like any other public highway in the county, it is still certain from the admitted facts that this bridge is indispensable for public use, or at least made necessary by the wants of the public. It is on the principal thoroughfare traveled by one portion of the inhabitants of the county is going to and returning from the county seat and railroad depot. It is a bridge constructed on a highway seventy feet long, and essentially a county bridge. The

county court is required to erect such structures on its public ways when required for public use.

The citizen of the town is taxed to aid in building all such bridges erected in the county, and when called on by the tax gatherer must contribute in the same proportion with the citizen living outside the town limits. The citizens of the town bear the burden in common with the citizens of the county. If this town was an independent municipality, having no burdens to bear, in the way of taxation, in common with the people of the county, for county improvements, then it might be well argued that the town should make all the improvements within its limits. While the town must keep its streets and alleys in repair, it cannot be said that such a structure as this is to be regarded as a part of the street for the purpose of compelling its population to rebuild or repair it. It is within the county as well as the town limits, and is that character of improvements required to be made by the county court when the necessities of the public demand it.

Taking the answer of appellee as true, the appellants are entitled to relief. The judgment below is *reversed* and the cause remanded for further proceedings consistent with this opinion.          ,

*J. P. Hobson, for appellants. Turner Wilson, for appellee.*